**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SANFORD HOME FOR ADULTS, and Local 6, International Federation of Health Professionals, International Longshoremen's Association, AFL–CIO, Respondents.**

No. 421, Docket 81–4127.

United States Court of Appeals, Second Circuit.

Submitted Nov. 30, 1981.

Decided Dec. 7, 1981 *.

---

\* This petition, originally heard on November 30, 1981, was decided by order dated December 7, 1981. Such a summary disposition has no precedential value under our Local Rule § 0.23. Counsel for petitioner, however, has requested that the December 7 order be published, and we have decided to repeat the substance of our December 7 order in this per curiam opinion, which will be published.

**36**

Howard E. Perlstein, Robert I. Tendrich, Attys., N. L. R. B., Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., of counsel), for petitioner.

Morris Tuchman, Gluck & Tuchman, New York City, for respondent Sanford Home for Adults.

Jacob Laufer, Bornstein & Laufer, New York City, for respondent Local 6.

Before FEINBERG, Chief Judge, OAKES, Circuit Judge, and CONNER, District Judge.**

## PER CURIAM:

Petitioner National Labor Relations Board seeks enforcement of an order finding that respondent Sanford Home for Adults (the Home) violated sections 8(a)(1), (2), and (3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1)–(3), and that respondent Local 6 (the Union) violated sections 8(b)(1)(A) and (2) of the Act, 29 U.S.C. §§ 158(b)(1)(A), (2). The Board found, in essence, that the Home had coerced its employees into joining the Union to prevent them from becoming members of a rival organization, Local 144, the charging party. It also concluded, inter alia, that the Home and the Union had inappropriately entered into a collective bargaining agreement when a majority of the Home's employees had not signed valid membership cards and that the Union had improperly attempted to enforce the agreement's union

security clause by demanding that two employees be discharged. The order required respondents to desist from further violations of the Act and to reinstate and make whole employees who were victims of their unlawful practices. The Home was also ordered to withdraw recognition from the Union as the collective bargaining representative of its service and maintenance employees.

■ Respondents argue that the Board improperly excluded two individuals from the bargaining unit in determining that the Union did not command majority support. One employee, Beverly Salmon, completed a tax form and union membership card, but she did not commence work nor was she ever paid. The other employee, Raymond Murcia, began his term of employment only four days before and completed it one day after the Union's recognition demand date. Although he was ostensibly hired as a kitchen helper, Murcia helped out in the kitchen only on the first day of his employment. The bulk of his time was spent organizing activities for the Union. Under the circumstances, the Board did not err in concluding that Salmon and Murcia did not qualify as employees in determining whether the Union had garnered majority support.

■ Respondents also claim that the Board erred in finding that Raul Alcides Echeverri's membership card was invalid because he was coerced into signing. At the hearing, the evidence showed that Harry Mayer, the Home's managing partner and administrator, and his wife, the assistant administrator, had been present at various times when Murcia solicited Echeverri to become a union member. Mr. Mayer also told Echeverri that everyone had joined and that anyone else who had not signed would be "thrown out." Mr. Mayer filled out the card for Echeverri, who then signed it. This showing amply supported the conclusion that Echeverri had been coerced into signing. Because exclusion of the cards

** Honorable William C. Conner, United States District Judge for the Southern District of New York, sitting by designation.

signed by Salmon, Murcia, and Echeverri resulted in less than majority support for the Union, it is unnecessary to consider the Board's broader finding that all votes cast for the Union were tainted by coercion.

 Respondents also contend that the Administrative Law Judge (ALJ) should have been disqualified because he engaged in ex parte communication with the Board's general counsel. This contention must also be rejected. First, respondents did not comply with section 102.37 of the Board's Rules and Regulations, 29 C.F.R. § 102.37 (1981), which requires the parties to file a timely affidavit alleging the grounds for disqualification before an administrative law judge files his decision. In fact, when the ALJ informed the parties of the ex parte communication, respondents stated that they were satisfied with his explanation. They did not raise their objection until well after the ALJ's decision. Second, the ex parte communication here was entirely proper. Section 102.130 of the Board's Rules and Regulations, 29 C.F.R. § 102.130 (1981), permits an administrative law judge to engage in ex parte communication regarding settlement of a case. The conversation challenged here involved only information relevant to possible settlement and did not inappropriately deal with the merits of the case.

Finally, respondents argue that their right to due process was denied because the Board had predetermined the outcome of the case when it decided to seek an injunction under section 10(j) of the Act, 29 U.S.C. § 160(j). This claim is untenable. If it were accepted, the Board would preclude itself from fulfilling its obligation to review and decide whether unfair labor practices have occurred under section 10(c), 29 U.S.C. § 160(c), by meeting its obligation to seek an injunction under section 10(j). Such a result would be completely out of keeping with congressional intent to delegate these duties to the Board. In seeking an injunction under section 10(j), moreover, the Board does not decide the ultimate merits of a labor dispute, but need show only that "there is reasonable cause to believe that unfair labor practices have been committed." See *Seeler v. Trading Port, Inc.*, 517 F.2d 33, 36 (2d Cir. 1975).

The Board's petition for enforcement is granted.